THE NATIONAL BRASS MANUFACTURING COMPANY v. JOHN RAWLINGS.

No. 14,029.   (80 Pac. 628.)

SYLLABUS BY THE COURT.

PERSONAL INJURIES—*Contributory Negligence—Judgment on Findings.*   Where, in an action for damages by an employee against his employer for personal injuries received in the course of the employment, the jury make special findings of fact, which, considered with the general verdict, affirmatively show that the injuries complained of would not have occurred but for the negligent act of the plaintiff, the latter cannot recover.   A motion of defendant for judgment on the findings should be allowed.

Error from Wyandotte district court; E. L. FISCHER, judge. Opinion filed April 8, 1905. Reversed.

*A. L. Berger,* and *Harkless, Crysler & Histed,* for plaintiff in error.

*Getty, Hutchings & Dean,* for defendant in error.

The opinion of the court was delivered by

CLARK A. SMITH, J.: In this case the defendant in error obtained a judgment for $750 against the plaintiff in error in the district court of Wyandotte county. The action was for damages resulting from a burn upon the foot of plaintiff, received while carrying a ladle of molten iron from the cupola to the molds in the foundry of defendant, at Kansas City, Kan. The only neglect or fault on the part of the defendant that was submitted to the jury for consideration by the trial court was the condition of the foundry room, or rather the floor of the room, and the failure of the defendant to notify the plaintiff of the dangers of his employment, considered not to be apparent. It was shown by the evidence that the roof of the foundry was defective; that it had snowed on the morning of the day of the accident, and that the snow had melted and dampened the floor of the foundry, and there was evidence tending to show that the damp condition of the floor may have contributed to, if it was not indeed one of the causes of, the injury. There was also evidence tending to show that the plaintiff had not been informed by any one of the effect of dropping molten iron upon a floor constructed of brick. The plaintiff himself testified that nothing occurred to cause the molten iron to be spilled from the ladle unless it was the jar of his walking, or that he allowed the ladle partially to tip while carrying it.

The instructions of the court are in two respects subject to criticism. In one it is assumed that the plaintiff was ignorant in regard to molten metal, and

in another instruction it is submitted to the jury to find whether one Adams, who filled the ladle at the cupola, was a fellow servant of the plaintiff. The first instruction is supported by some evidence, although the weight of the evidence should have been left to the jury. As to the second instruction, however, the evidence was not conflicting, and as a proposition of law the court should have told the jury that Adams was a fellow servant of the plaintiff. The effect, however, of this failure so to instruct was discounted by another instruction which directed the jury that the defendant was not responsible on account of any negligence of Adams.

Special questions of fact were submitted to the jury, three of which, with their answers, were as follow:

"7. Did the accident happen on account of plaintiff's allowing the ladle to be turned while carrying it, thereby splashing molten iron on the floor? A. No."

"9. Would plaintiff have been injured but for the fact of his allowing the ladle to tip while carrying it, thereby causing molten iron to fall on the floor? A. No.

"10. Do you find that the molten iron would not have been spilled but for the fact that Adams filled the ladle too full? A. No."

At the first glance questions 7 and 9 seem to be absolutely inconsistent, but if the jury believed that the accident happened on account of the condition of the floor after the iron was spilled the answer to No. 7 can be reconciled with the answer to No. 9; that is, they would find that the accident did not happen alone from the fact that the plaintiff allowed the ladle to tip while carrying it, but that the two causes concurred to produce the result and to cause the accident. In No. 9 they say that the accident would not have happened but for the fact of the plaintiff's allowing the ladle to tip, and in No. 7 they say that the accident did not happen from that cause. To render the findings consistent, or not absolutely contradictory, the

answer to No. 7 must be qualified as meaning that the accident did not happen from such cause alone. From the general finding of the jury they must have found that the defendant was negligent in not providing a safe place for the plaintiff to work, or in not informing him of the dangers of the employment, although there was no such special finding. The plaintiff testified in substance that nothing occurred in the way of accident to cause the ladle to tip, and in finding No. 9 the jury found that but for this fact the accident would not have occurred.

The accident, then, occurred from two concurring causes—one, the negligence of the defendant in failing to provide a safe floor to the foundry and in failing to inform the plaintiff of the dangers of his employment, and the other, the act of the plaintiff in allowing the ladle to tip while carrying it. The plaintiff had carried the ladle for thirty or forty feet without allowing it to tip. He had carried during the same day a number of loaded ladles and emptied them into the mold without, so far as the evidence shows, allowing them to tip. The ladle was not shown to have been defective in any way, and nothing was shown to have caused the tipping of the ladle except the plaintiff's inattention and negligence. The accident, then, was caused by the concurring negligence of the plaintiff and the defendant. The act of negligence of the plaintiff was affirmatively found by the jury in finding No. 9. That the jury found that the defendant was also negligent in one or the other of the respects above mentioned is a necessary inference from the general verdict of the jury in favor of the plaintiff, although it was not affirmatively found in any special finding.

The defendant moved the court for judgment on the special findings of fact, notwithstanding the general verdict. This motion was denied by the court. The ruling was excepted to, and is now urged as error, by the defendant, which is the plaintiff in error here.

Nothing is left to inference in the special findings of the jury. The allowing of the ladle to tip was an act of negligence on the part of the plaintiff, and the jury found that but for such act the injury would not have happened. There is no conflict of the authorities on the proposition of law involved. When the act of contributory negligence on the part of the injured employee is so far the cause of his injury that but for such negligence the injury would not have occurred, the employee cannot recover from the employer damages for such injury, whatever may have been the negligence of the employer. The jury did not affirmatively find that allowing the ladle to tip was negligence on the part of the plaintiff below, but, from all the findings and the general verdict, the court holds that as a matter of law the act constituted negligence. The writer hereof has some hesitation on this question. The motion of defendant for judgment on the findings should have been allowed.

The judgment of the court below is reversed, and the case is remanded with instructions to enter judgment for defendant.

All the Justices concurring.